IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| WESLEY HATTEN-LOVETT, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:22-cv-00944-O-BP |
| § | |
| CHRISTOPHER WRAY, *et al.*, § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Official-Capacity Defendants and the United States' Motion to Dismiss and supporting Appendix filed December 22, 2022 (ECF Nos. 14, 15), Plaintiff's Response in Opposition to Defendants Motion to Dismiss and Brief in Support filed January 13, 2023 (ECF Nos. 20, 21), and Defendants' Reply filed January 27, 2023 (ECF No. 22). After reviewing the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** the Motion to Dismiss and dismiss this case **without prejudice**.

**I.     BACKGROUND**

Plaintiff Wesley Hatten-Lovett ("Hatten-Lovett") filed suit against the United States government and its officials Christopher Wray, Steny Hoyer, and Kevin McCarthy, presumably in their official capacities. ECF Nos. 1 at 1, 2 at 1, 10 at 1. Hatten-Lovett claims that Defendants negligently failed to prohibit bestiality and obscene content online. *Id*. He alleges that Defendants "promote[d] illegal sexual activity online" in violation of 18 U.S.C. § 1466 by "engaging in the business of selling or transferring obscene material [through] facilitating the content online" and by failing to "investigate and combat cybercrime." ECF No. 10, at 3. More specifically, he claims

that his 2021 schizophrenia diagnosis stems from the United States government's promotion of a bestiality website that he was introduced to fourteen years ago from an alleged computer virus. *Id*. Hatten-Lovett now seeks the non-monetary relief of "censorship of all domestic bestiality content online" and two million dollars in "Monetary Compensation for Mental Anguish." ECF No. 10, at 5–7.

## II.   LEGAL STANDARD

### A.  Rule 12(b)(1) Standard

Federal Rule of Civil Procedure 12(b)(1) authorizes motions to dismiss for lack of subject matter jurisdiction. *See also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."). Rule 12(b)(1) motions present either "facial" or "factual" attacks. *Brown v. Peterson*, No. 7:03-cv-0205, 2006 WL 349805, at *4 (N.D. Tex. Feb. 3, 2006). Where, as here, the motion is "based on the complaint alone," the attack is facial, and the Court must "merely decide whether the allegations in the complaint, taken as true, sufficiently state a basis for subject matter jurisdiction." *Lowe v. ViewPoint Bank*, 972 F. Supp. 2d 947, 953 (N.D. Tex. 2013); *see also Parks v. Hinojosa*, No. 4:21-cv-00111-O, 2021 WL 1720219, at *2 (N.D. Tex. Apr. 30, 2021) (explaining that Rule 12(b)(1) motions are presumptively facial attacks).

"Federal courts are courts of limited jurisdiction" that "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citation omitted). Accordingly, "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Loc. 6 Pension Fund*,

81 F.3d 1182, 1187 (2d Cir. 1996)). Any dismissal for lack of subject matter jurisdiction "should be made without prejudice." *Mitchell v. Bailey*, 982 F.3d 937, 944 (5th Cir. 2020).

### B. Pro Se Parties

The Court holds a pro se party's pleadings to less rigid analysis than those of a party represented by counsel. "[A] pro se complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, "even a liberally-construed pro se ... complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Texas at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988) (citing Bounds v. Smith, 430 U.S. 817, 825–26 (1977)). Thus, a court inquires "whether within the universe of theoretically provable facts there exists a set which can support a cause of action under [the] complaint, indulgently read." *Covington v. Cole*, 528 F.2d 1365, 1370 (5th Cir. 1976).

## III. ANALYSIS

### A. Hatten-Lovett did not exhaust his administrative remedies before bringing suit in this Court.

The Federal Tort Claims Act ("FTCA") "waives sovereign immunity and permits suits against the United States sounding in state tort for money damages." *Freeman v. United States*, 556 F.3d 326, 335 (5th Cir. 2009). The United States is liable for personal injuries "caused by the negligent or wrongful act or omission of any employee of the Government." *Metro. Life Ins. Co. v. Atkins*, 225 F.3d 510, 512 (5th Cir. 2000). Before bringing an FTCA claim in federal court, however, a plaintiff must exhaust his administrative remedies by presenting the claim to the appropriate federal agency. 28 U.S.C. § 2675(a). Once the appropriate federal agency either denies the claim or fails to act on it within six months after it is filed, the plaintiff may proceed to federal court. *Id.* In the Fifth Circuit, this presentment requirement is jurisdictional. *Cook v. United States*

3

*ex rel. United States Dep't of Labor*, 978 F.2d 164, 166 (5th Cir. 1992) (per curiam); *Barber v. United States*, 642 F. App'x 411, 413 (5th Cir. 2016). A plaintiff may not present one claim to the agency and then maintain suit based on a different set of facts. *Williams v. United States*, 932 F. Supp. 357, 361 (D.D.C.1996); *Deloria v. Veterans Admin.*, 927 F.2d 1009, 1012 (7th Cir. 1991); *Roma v. United States*, 344 F.3d 352, 362 (3d Cir. 2003). Moreover, an individual with a claim against the United States satisfies the presentment requirement if he gives the appropriate federal agency written notice of his claim sufficient to enable the agency to investigate and places a value on his claim. *Adams v. United States*, 615 F.2d 284, 289 (5th Cir. 1980).

In his administrative complaint to the Federal Bureau of Investigation ("FBI"), Hatten-Lovett asserted that his schizophrenia diagnosis stems from his belief that "the United States government conducted undercover operation involving children and animals." ECF No. 15 at 5. His complaint, by contrast, asserts that the United States government caused his schizophrenia by failing to adequately censor certain sexual content on the internet that Hatten-Lovett deems obscene, namely bestiality and child pornography. ECF No. 10 at 3-5. These are two separate claims and sets of facts. Moreover, nothing in Hatten-Lovett's written notice enabled the FBI to identify and investigate these allegedly pornographic websites. An assertion that the federal government conducted undercover operations on children and animals does not logically lead one to believe that the government failed to prosecute makers and owners of a pornographic website, nor does it equip the FBI with enough information to investigate the alleged pornographic website. Thus, Hatten-Lovett has not exhausted his obscenity claim against the United States government, and the Court lacks subject matter jurisdiction to hear this case. *See Rise v. United States*, 630 F.2d 1068, 1071 (5th Cir. 1980) (a plaintiff "may not base any part of a tort action against the United States on claims not presented to the appropriate administrative agency").

### B. Hatten-Lovett cannot bring an FTCA action against the Defendants

"Courts consider whether the FTCA applies via a Rule 12(b)(1) motion, because whether the government has waived its sovereign immunity goes to the court's subject matter jurisdiction." *Tsolmon v. United States*, 841 F.3d 378, 382 (5th Cir. 2016). Even if Hatten-Lovett had properly exhausted his administrative remedies, he still cannot bring an FTCA claim as he has not shown that the United States has waived sovereign immunity.

The FTCA waives the Government's sovereign immunity and permits suit against it for certain tort claims "in the same manner and to the same extent as a private individual under like circumstances." *Campos v. United States*, 888 F.3d 724, 730 (5th Cir. 2018); 28 U.S.C. § 2674. The FTCA also provides federal district courts with exclusive jurisdiction over monetary damage claims against the Government for "personal injury. . .caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." *Campos*, 888 F.3d at 730; 28 U.S.C. § 1346(b)(1). The Government's liability for these claims, however, is not absolute. Section 2680 of the FTCA outlines exceptions that block the FTCA's waiver of the Government's sovereign immunity. 28 U.S.C. § 2680. If an exception applies, a plaintiff's FTCA claim is barred, and a federal court is without subject matter jurisdiction over the claim. *Campos*, 888 F.3d at 730; *see also Castro v. United States*, 608 F.3d 266, 268 (5th Cir. 2010).

Section 2680(a) excepts any claim that is based upon a Government employee's performance of a "discretionary function or duty. . .whether or not the discretion involved be abused." *Campos*, 888 F.3d at 730; 28 U.S.C. § 2680(a). Under Fifth Circuit precedent, "'decisions on when, where, and how to investigate and whether to prosecute' ha[ve] long been found to be core examples of discretionary conduct for which the United States maintains its immunity."

5

*Tsolmon*, 841 F.3d at 383 (quoting *Sutton v. United States*, 819 F.2d 1289, 1294–95 (5th Cir. 1987)). However, Hatten-Lovett argues that in this context, "whether to investigate" the website is a required, ministerial duty rather than a discretionary one because the federal government was required to investigate and combat the bestiality website under a Texas state law that makes bestiality illegal. ECF Nos. 20 at 2, 21 at 2.

Deciding whether to investigate and prosecute a single illicit pornographic website, however, is a discretionary act. In January 2006, a "Google" search of the word "pornography" resulted in approximately 19 million hits. *Protecting Children on the Internet: Before the S. Comm. on Com., Sci., and Transp.*, 109th Cong. 10 (2006) (statement of James H. Burrus, Jr., Deputy Assistant Director, Criminal Investigative Division, Federal Bureau of Investigation). A "Google" search of the word "obscenity" resulted in over 3 million hits. *Id.* The number of pornographic websites on the internet is high. It would be nearly impossible to investigate every single one of them. Thus, the decision whether to investigate and subsequently prosecute a single website depicting pornographic content requires law enforcement to consider several variables and prioritize resources as the number of illicit materials on the internet continues to grow. Therefore, the FBI's decision whether to investigate the website mentioned in Hatten-Lovett's complaint is a discretionary duty reserved to the United States government, and Hatten-Lovett has not presented facts that would prove otherwise.

The plaintiff has the burden of establishing that the discretionary function exception does not apply. *Spotts v. United States*, 613 F.3d 559, 569 (5th Cir. 2010). Because Hatten-Lovett has not pleaded facts to show that the discretionary exception to the FTCA's Section 2680 does not apply, the United States government and its officials, Messrs. Wray, Hoyer, and McCarthy, retain sovereign immunity from this suit. Thus, the Court lacks subject matter jurisdiction to hear the

Hatten-Lovett's claims, and Judge O'Connor should dismiss this case without prejudice for lack of subject matter jurisdiction.

## IV.  CONCLUSION

Hatten-Lovett did not properly exhaust his administrative remedies with the FBI before filing suit in federal court. Moreover, even if he had properly exhausted his remedies, he has not pleaded facts to show that he can bring an FTCA against the United States government and its officials. The Court is, thus, left without jurisdiction to hear this claim. Therefore, after reviewing the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** the Defendants' Motion to Dismiss (ECF No. 14) and dismiss the case **without prejudice.**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided be law. Any party who objects to any part of these finding, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C § 636(b)(1); Fed R. Civ, 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglas v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on March 7, 2023.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE