IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| WESLEY HATTEN-LOVETT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-00944-O-BP |
| | § | |
| CHRISTOPHER WRAY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

### ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This is a negligence suit against the United States arising out of an alleged governmental failure to censor sexual obscenities on the internet. Before the Court are Defendants' Motion to Dismiss for lack of subject matter jurisdiction and their supporting Appendix, both filed December 22, 2022 (ECF Nos. 14, 15). Plaintiff filed his briefs, pro se,[1] in opposition to Defendants' Motion to Dismiss (ECF Nos. 20, 21) on January 13, 2023, and Defendants filed their reply (ECF No. 22) on January 27, 2023. Plaintiff later filed a second response to Defendants' Motion to Dismiss (ECF No. 23) on February 7, 2023. On March 7, 2023, the United States Magistrate Judge issued his Findings, Conclusions, and Recommendation (ECF No. 25) wherein he recommended that the undersigned **GRANT** the Motion to Dismiss and **DISMISS** this case **without prejudice**. Subsequently, on April 7, 2023, Plaintiff filed his objections to the Findings, Conclusions, and Recommendation of the United States Magistrate Judge (ECF No. 29). In his objections, Plaintiff does not present any new legal arguments, and he essentially asks this Court to reconsider the findings of the Magistrate Judge.

---

[1] A pro se plaintiff's pleadings are liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A "pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id*. (citations omitted).

1

After reviewing all relevant matters of record in this case, including the Findings, Conclusions, and Recommendation of the United States Magistrate Judge and any objections thereto, in accordance with 28 U.S.C. § 636(b)(1), the undersigned District Judge believes that the Findings and Conclusions of the Magistrate Judge are correct, and they are accepted as the Findings and Conclusions of the Court. Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss (ECF No. 14) and **DISMISSES** Plaintiff's claims against Defendants **without prejudice**.

## FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

In part A of the analysis in his Findings, Conclusions, and Recommendation, the United States Magistrate Judge found that Plaintiff had not exhausted his administrative remedies pursuant 28 U.S.C. § 2675(a) of the Federal Tort Claims Act ("FTCA"), thus depriving this Court of subject matter jurisdiction. Plaintiff objects to this portion of the Findings, Conclusions, and Recommendation. Plaintiff argues that both his administrative complaint to the Federal Bureau of Investigation ("FBI") and his complaint in this case deal with obscene sexual content on the internet. Because of these similarities, Plaintiff contends that the complaint made to the FBI constitutes an attempt to exhaust his administrative remedies before filing suit. Plaintiff has failed to present any evidence or legal precedent in support of these arguments.

Despite these facial similarities, the Magistrate Judge correctly points out that "[t]hese are two separate claims and sets of facts."[2] An assertion that the United States caused Plaintiff's schizophrenia through its undercover operations is logically different from an assertion that their failure to prevent obscene sexual content on the internet caused Plaintiff's schizophrenia. Considering this distinction, Plaintiff has failed to show that he exhausted his administrative remedies for his claim that the United States failed to censor online obscenities. Accordingly,

---

[2] Findings, Conclusions, and Recommendation 4, ECF No. 25.

because Plaintiff has failed to exhaust his administrative remedies, the Court lacks subject matter jurisdiction to hear this case.

## PLAINTIFF CANNOT BRING AN FTCA ACTION AGAINST DEFENDANT

In part B of the analysis in his Findings, Conclusions, and Recommendation, the United States Magistrate Judge further held that even if Plaintiff had exhausted his administrative remedies, Plaintiff failed to show that the United States had waived sovereign immunity. Specifically, 28 U.S.C. § 2680(a) exempts discretionary acts from the FTCA's waiver of sovereign immunity, and the Magistrate Judge correctly recognized that the decision of whether to investigate or prosecute is a discretionary act.

Plaintiff has three objections to part B of the analysis in the Findings, Conclusions, and Recommendation of the United States Magistrate Judge. Plaintiff first claims that because the FTCA is still active law, "sovereign immunity is waived and the plaintiff is allowed to sue."[3] Next, Plaintiff argues that because his claim arises out of federal law, this Court has subject matter jurisdiction over this case. Finally, Plaintiff contends that governmental enforcement of laws regarding obscene sexual content is not discretionary because the plain meaning of "Law Enforcement" implies an obligation to enforce the law.[4]

These objections fail to refute part B of the Findings, Conclusions, and Recommendation because Plaintiff fails to establish that investigatory decisions are not discretionary. The Magistrate Judge correctly points out that substantial discretion is needed in determining what pornographic websites to investigate, as it would be "nearly impossible to investigate every single one of them."[5] The Magistrate Judge also correctly observed that Plaintiff bears the burden of proof to establish

---

[3] Pl.'s Obj. 3, ECF No. 29.
[4] *Id.* at 4.
[5] Findings, Conclusions, and Recommendation 6, ECF No. 25.

whether a given governmental function is discretionary. *Spotts v. United States*, 613 F.3d 559, 568 (5th Cir. 2010). However, Plaintiff has failed to meet this burden, since he has not provided any evidence or precedent suggesting that investigatory decisions are not discretionary. Overall, because investigatory decisions are discretionary, 28 U.S. Code § 2680(a) protects the government from Plaintiff's claims, and Defendants retain sovereign immunity from this suit. Thus, the Court lacks subject matter jurisdiction to hear Plaintiff's claim and must dismiss this case without prejudice.

## CONCLUSION

For the reasons stated herein, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge (ECF No. 25). Specifically, the Court **GRANTS** Defendants' Motion to Dismiss (ECF No. 14) and **DISMISSES** Plaintiff's claims against Defendants **without prejudice**.

**SO ORDERED** on this **7th day** of **June, 2023**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**